# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES EARL CLINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-467 PS |
| | ) | |
| EDWIN BUSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

James Earl Clinton hurt his leg during a basketball game at the Miami Correctional Facility ("MCF"). Although the doctors who examined him at the time diagnosed Clinton with a ruptured tendon that needed surgical repair, he says officials at the MCF did not provide him with such treatment or with pain medication which, he says, caused him pain and suffering and led to further injury.

Clinton filed this action pursuant to 42 U.S.C. § 1983 alleging the violation of his federally protected rights. The Defendants are Indiana Department of Correction ("IDOC") Commissioner Edwin Buss, Correctional Medical Services, Inc., MCF Superintendent Mark Sevier, and MCF officials Lynn Frye, Karen Cummings, Kimberly Meyers, Sharrie Townsend, Officer Hanselman, and Joyce Holland.

This matter is before the Court on the Plaintiff's amended complaint. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a

claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson,* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In his amended complaint, Clinton alleges that, on November 6, 2009, he injured his left knee during a basketball game. A prison doctor "concluded that my injury to the left knee was critical [and] I was transported to an Indianapolis medical unit (emergency room)" [DE 3 at 4].

2

The doctor who examined him there determined that his injury was "a serious condition (Tendon Ruptures in left knee), and must be repaired as soon as possible, and the longer it stays in this condition the worse it will get" [*Id.*].  Nevertheless, the amended complaint alleges that the Defendants refused to consider surgery and did not treat his condition, which caused him "pain, suffering, mental anguish, and duress" [DE 3 at 5].  Because the Defendants did not provide Clinton with pain medication, he alleges that he suffered excruciating pain and agonizing discomfort [DE 3 at 7].   Clinton further alleges that, because the Defendants did not repair his ruptured tendon, his left knee buckled while he was taking a shower, causing him to fall and further injure himself [DE 3 at 8].

Clinton brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Clinton alleges that the defendants violated his rights "under the 8th Amendment of [the] U.S. Constitution, and the Indiana Constitutional polices and procedures[] of proper medical care, to an inmate of the D.O.C." [DE 3 at 7].  The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.  Thus, Clinton's allegations that the Defendants' actions violated provisions of Indiana's constitution and Indiana law state no claim upon which relief can be granted.

Clinton seeks monetary damages from each defendant in their official and individual capacities for denying and delaying medical treatment [DE 1 at 11].  Clinton may sue these

3

defendants for damages in their individual capacities, but the Eleventh Amendment precludes an action against state officials for damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

Clinton asserts that he is suing Defendant Buss because Buss, as the Commissioner of IDOC, is responsible for Clinton's safety and care, and is responsible, under respondeat superior liability, for the acts and omissions of the agents working under him and contracted by IDOC [DE 1 at 3]. Clinton also names CMS, the employer of the medical defendants, and MCF Superintendent Mark Sevier, the superior of the non-medical defendants, under the theory of *respondeat superior* [DE 3 at 10 & 15].

Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

"Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Thus, the doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d

4

1125, 1129 (7th Cir. 1993).

The Plaintiff does not allege that Commissioner Buss or Superintendent Sevier had any direct personal involvement in the events he complains of, or that the CMS employees at the MCF treated him as they did based on a corporate policy established by the CMC. Moreover, senior prison officials such as the IDOC commissioner or a facility superintendent are presumptively not "directly involved in the day-to-day operation of the prison hospital such that [they] would have personally participated in, or have knowledge of, the kinds of decisions that lead to the delay in treatment complained of by [the plaintiff]." *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981). Clinton specifically seeks damages from the CMS and Defendants Buss and Sevier solely on the basis of *respondeat superior*. Accordingly, his damage claims against these Defendants must be dismissed.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth

5

Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez,* 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Taking the allegations of the amended complaint as true, Clinton has established that he had a serious medical need, and giving him the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a valid deliberate indifference claim.

In addition to alleging a violation of the Eighth Amendment's cruel and unusual punishments clause, Clinton alleges that the Defendants' conduct "violated Petitioner['s] Due Process Rights under [the] 6th and 14th Amendment of the U.S. Constitution . . ." [DE 3 at 10]. But the Sixth Amendment is not implicated here because it deals with the rights of those accused in criminal prosecutions. As noted above, the Eighth Amendment protects convicted prisoners

from cruel and unusual punishments, while the rights of pretrial detainees derive from the Fourteenth Amendment's Due Process Clause. *Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007) (citing *Wolfish*, 441 U.S. at 535 n.16). Clinton was a convicted felon committed to the Indiana Department of Correction at the time the events he complains of occurred. Accordingly, his claims arise under the Eighth Amendment's cruel and unusual punishments clause, not the Fourteenth Amendment's due process clause.

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against defendants Lynn Frye, Karen Cummings, Kimberly Meyers, Sharrie Townsend, Ms. Hanselman, and Joyce Holland in their individual capacities for damages, on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Edwin Buss, Correctional Medical Services, and Mark Sevier, and **DISMISSES** all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** the remaining defendants to respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on Defendants Frye, Cummings, Meyers, Townsend, Hanselman, and Holland , and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint.

**SO ORDERED**.

ENTERED: March 28, 2011    /s/ Philip P. Simon
                            PHILIP P. SIMON, CHIEF JUDGE
                            UNITED STATES DISTRICT COURT