UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES EARL CLINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:10-CV-467 PS |
| vs. | ) |
| | ) |
| EDWIN BUSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

In November 2009, James Earl Clinton, a *pro se* prisoner, injured his knee during a recreation time while he was incarcerated at at Miami Correctional Facility [DE 1]. He is suing prison medical staff (the "medical defendants") for providing him inadequate medical care, as well as two prison employees, Correctional Officer Cathy Hanselman a/k/a Cathy Peppers and Case Manager Joyce Holland (the "state defendants"), for failing to accommodate his injury [*Id.*]. The state defendants move for summary judgment on the ground that Clinton failed to exhaust his administrative remedies before filing suit[1] [DE 45].

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's

---

[1] The medical defendants have not joined in the motion, and instead they concede that Clinton properly exhausted his medical claims [*see* DE 42].

favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

According to the complaint, on December 12, 2009, Clinton was using crutches because of his knee injury, and due to icy conditions on the sidewalks he could not walk to the mess hall [DE 3 at 9]. He claims that he asked Officer Hanselman to bring him a food tray to eat in his cell; she allegedly told him that the sergeant said he could not have a food tray. Clinton claims this was a lie and that the sergeant never made such a statement [*Id.*]. He claims that Officer Hanselman's actions prevented him from eating [*Id.*].

As to Case Manager Holland, Clinton claims that in July 2010 he showed her the bottom bunk pass he had received due to his knee injury, but on September 14, 2010, she moved him to a different part of the prison and assigned him to a top bunk [DE 3 at 13-14]. Clinton got into a

dispute with one of the correctional officers when he was told to move, and was subsequently disciplined for disrupting the facility. [*Id.*]. Clinton claims that after Case Manager Holland was reminded about his bottom bunk pass a few days after this incident, she reassigned him to a bottom bunk. [*Id.* at 14]. He claims that her actions nevertheless placed him in danger and caused him suffering.

The state defendants argue that they are entitled to summary judgment because Clinton failed to properly exhaust either of these claims [DE 45]. They have submitted evidence showing that Clinton has been housed at Miami since July 9, 2009. [DE 45-1, Barnes Aff. ¶ 6]. Miami has a formal grievance process in place, whereby a prisoner must file a written grievance to the facility's executive assistant within 20 days of the incident that is the subject of the grievance; if the prisoner is dissatisfied with the response he may file an appeal to the facility's grievance manager. [*Id.* at ¶¶ 10-13]. A record is kept of all grievances, and those records show that Clinton filed two grievances over the medical care he received for his knee injury. [*Id.* at ¶¶ 17-19]. However, the defendants claim that there is no record of Clinton exhausting the grievance process as to the denial of a food tray or his assignment to a top bunk. [*Id. at* ¶ 20].

In response to the motion for summary judgment, Clinton submits documentation showing that he attempted to file a grievance on January 22, 2010, pertaining to the food tray incident occurring on December 12, 2009 [*see* DE 51-1 at 3]. However, he also submits documentation showing that this grievance was rejected as untimely because it was filed beyond the 20-day deadline [DE 51-1 at 2]. Where an inmate fails to comply with timeliness provisions for filing a grievance and the state opts to reject the grievance as untimely, administrative remedies have not been properly exhausted. *Pozo*, 286 F.3d at 1025. Clinton's untimely

grievance thus did not satisfy the exhaustion requirement, necessitating the dismissal of this claim.  It is not clear that Clinton has the ability to exhaust at this late date, in which case his claim would be permanently foreclosed.  *Pozo*, 286 F.3d at 1025 ("Failure to do what the state requires bars, and does not just postpone, suit under § 1983").  Nevertheless, because it is possible the state may allow Clinton to cure his failure to exhaust, the dismissal of this claim will be without prejudice.  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

As to the bunk assignment claim, Clinton asserts that he requested a grievance form from his counselor, Amanda Tobin, on September 15, 2010, to complain about Case Manager Holland's actions, but she refused to give him a form and told him the issue was not grievable [DE 51 at 2].  She told him that if he wanted to complain about his bunk assignment he could either file a classification appeal or use the appeal process arising from his disciplinary sanction [*Id.*].  The state defendants do not dispute that Tobin made these statements [s*ee* DE 55].  Instead, they argue that Clinton did not properly exhaust because he failed to complete the alterative remedies suggested by Tobin[2] [*Id.*].  This argument is unavailing.

Under 42 U.S.C. § 1997e(a), inmates are only required to exhaust administrative remedies that are "available."  *Woodford v. Ngo*, 548 U.S. 81, 102 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison officials thwart an inmate's efforts to exhaust, such

---

[2]  Documents Clinton attaches to his response show that he initiated both processes but apparently did not complete them.  He filed a classification appeal within the facility, but there is no indication that he appealed to the IDOC central office [DE 51-1 at 14].  He also filed a disciplinary appeal with the facility head, but there is no indication he appealed to the final reviewing authority [DE 51-1 at 10].  It appears from Clinton's complaint that he obtained a reassignment to a bottom bunk as a result of his complaints [*see* DE 3 at 14].  If this is the case, there would have been no reason for him to proceed further in any event.  *See Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005) (inmate was not required to proceed further in the grievance process where he obtained all the relief he had requested at the first step).

as by failing to provide him with the necessary forms, administrative remedies are not considered to be available. *Kaba*, 458 F.3d at 684. In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. Furthermore, "[a]n administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011).

Here, Clinton's uncontradicted account is that his counselor refused to give him a grievance form and told him that the grievance process was unavailable to him with respect to his complaint about Case Manager Holland. Under these circumstances, he cannot be faulted for failing to use the grievance process. *See Pavey*, 663 F.3d 905; *Kaba*, 458 F.3d at 684. As the defendants point out, Tobin suggested alternative avenues that Clinton could pursue, but there is no requirement under 42 U.S.C. § 1997e(a) that a prisoner file additional complaints outside the grievance process in order to exhaust; indeed, actions a prisoner takes to complain outside the prison's formal grievance process do not satisfy the exhaustion requirement. *Pavey*, 663 F.3d at 905; *Pozo*, 286 F.3d at 1025. Based on the record, the defendants have failed to establish that they are entitled to dismissal of this claim on exhaustion grounds. Accordingly, the motion for summary judgment will be denied as to Case Manager Holland.

For the reasons set forth above, the motion for summary judgment [DE 45] is **GRANTED** in part, and Defendant Cathy Hanselman a/k/a Cathy Peppers is **DISMISSED**

**WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).  The motion is **DENIED** as to

Defendant Joyce Holland.

    **SO ORDERED**.

    ENTERED: March 1, 2012

                                          /s Philip P. Simon
                                          Philip P. Simon, Judge
                                          United States District Court