UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EARL CLINTON,            )
                               )
            Plaintiff,         )
                               )
       vs.                     )    CAUSE NO. 3:10-CV-467 PS
                               )
EDWIN BUSS, *et al.*,          )
                               )
            Defendants.        )

OPINION AND ORDER

James Earl Clinton hurt his leg during a basketball game at the Miami Correctional Facility ("MCF") on November 6, 2009. On March 28, 2011, I granted Clinton leave to proceed against Defendants Lynn Frye, Karen Cummings, Kimberly Meyers, Sharrie Townsend, Ms. Hanselman, and Joyce Holland in their individual capacities for damages, on his Eighth Amendment claim that they were deliberately indifferent to his serious medical needs, and dismissed all other defendants and claims (DE 7). Clinton now seeks leave of the Court to amend his complaint to add a claim of retaliation against Nurse Sharrie Townsend and a claim that Nursing Director Karen Cummings "refused to even respond to the incident" between Nurse Townsend and Clinton (DE 65).

Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

According to the motion for leave to amend, on the evening of April 28, 2012, Clinton went to the "medical window" to pick up his prescribed medication" (DE 65 at 1). Nurse

Townsend was at the window that evening, dispensing medication (*Id.*). Clinton alleges that "after receiving Plaintiff['s] ID card information [she] appead [sic] to take on a personal an [sic] unprofessional vindictiveness type of attitude toward the Plaintiff to a point that the <u>defendant throw [sic] the Plaintiff['s] medications at the Plaintiff</u>, and <u>slammed the medical window shut violently</u>" (DE 65 at 1) (emphasis in original). Clinton alleges that Nurse Townsend "was intentionally cruel toward him for the reasons of <u>pending claims against her</u>" (*Id.*) (emphasis in original). Clinton asserts that he contacted "the nursing staff director Mrs. Karen Cummings concerning this alleged incident by . . . Mrs. Townsend . . . but . . . [she] . . .refused to ever respond to the incident . . ." (DE 65 at 2).

In regard to the claim against Defendant Cummings, Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement, participation, or direct responsibility for the conditions of which he complains. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996). Further, a plaintiff must demonstrate a causal link between the defendant's conduct and the plaintiff's injury. *Id.*; *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to Section 1983 actions. *Starzenski*, 87 F.3d at 879. Only those who cause or participate in violations are responsible under Section 1983 – not those who might fail to cure the violation or fail to handle administrative complaints. *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (noting that "[o]nly persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative

complaint does not cause or contribute to the violation") (citations omitted). Accordingly, even if Nurse Townsend's actions violated Clinton's rights, Nurse Cummings's failure to respond to his complaints about the incident state no claim upon which relief can be granted.

In regard to the claim against Defendant Townsend, to establish a retaliation claim, Clinton must establish first that he engaged in a constitutionally protected activity, and second, that engaging in that activity was a substantial or motivating fact in the defendant's actions against him. *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 287 (1977); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Moreover, "[t]here is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. *Davis v. Goord*, 320 F.3d 346, 353 (2nd Cir. 2003) (internal citations and quotations omitted). This objective inquiry varies depending on the context, and "is not static across contexts. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse." *Thaddeus-X v. Blatter*, 175 F.3d 378 at 398 (6th Cir. 1999).

The proposed amended complaint asserts that because of his pending legal claims against her, Nurse Townsend has had an unprofessional and vindictive "attitude toward the Plaintiff" and that on one occasion she threw his medication at him and then "slammed the medical window shut violently" (DE 65 at 1). This alleged conduct may have been unprofessional, but it is at best *de minimis* and states no retaliation claim against Nurse Townsend upon which relief can be granted.

For the foregoing reasons, I **DENY** the Plaintiff's motion for leave to amend his complaint to add a retaliation claim against Defendants Townsend and Cummings (DE 65).

**SO ORDERED**.

ENTERED: November 27, 2012

    s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT